IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Abdul Aleem s/o MM Ibrahim, Jamilah Binte Abdullah, Pok Siok Kee, Eng Ooi Hieng, Swee Hang Danny Tan, Tong Lay Yeen Giovanna, Hooi Hian Lee, Jaryl Tan Hock Seng, Roger Teo Kok Wei, Teo Khim Ho, Man Hong Lee, Gatewoods Investment PTE. LTD., Panircelvan S/O Kaliannan, Thong Juay Koh, Siew Geok Tong, Sze Seng Tan, Tan Chin Hiang, Tan Sweet Keong, and Marcus Ian Tan Guan Xing, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br> vs.<br><br>PEARCE & DURICK, and JONATHAN P. SANSTEAD,<br><br>        Defendants | **Case No. 1:15-cv-00085** |
| DOMINIC WRIGHT, MARTIN LEESE, ANDREW CHITTENDEN, WHITE ROSE PROPERTIES, LLC, STEPHEN ROYALL, STEPHEN ROYALL AND MARIA THOMSON S.M.S.F., LLC, PETER MCRAE, MCRAE FAMILY HOLDINGS, INC., MARTIN ABSIL, MIN-WEI PETER LIU,<br>ADRIEN VINCIGUERRA, GAEL VINCIGUERRA, JAMES CAMPION, PRABAHARAN SUBRAMANIAM, ADRIAN SENG YEE PONG, TREVOR LOWMAN and ANNABEL LOWMAN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br> vs.<br><br>PEARCE & DURICK,<br><br> Defendant. | **Case No. 1:15-cv-00098** |

1

## **(PROPOSED) ORDER FOR APPOINTMENT OF INTERIM LEAD COUNSEL**

Upon the unopposed motion of Plaintiffs in the above-captioned actions (collectively the "Plaintiffs") it is hereby ORDERED as follows:

### I.     MASTER DOCKET

1.     These actions having been consolidated by stipulation of the parties, a Master Docket is hereby established for the proceedings both in the above-captioned actions and in any and all other cases subsequently consolidated herewith ("consolidated actions").  Entries in said Master Docket shall be applicable to the consolidated actions as more fully set forth below.  Separate dockets shall also be maintained for each of the consolidated actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2.     A Master File is hereby established for these consolidated actions.  The Master File shall be Civil Action No. 1:15-cv-00085.  Filings applicable to all consolidated actions shall hereafter be captioned *Aleem, et al. v. Pearce & Durick, et ano.*  Any filing applicable to less than all of the consolidated actions shall also bear the original caption of each action to which such filing is applicable.  The original of this Order shall be filed by the Clerk in the Master File herein established.

3.     The Clerk shall maintain a separate file for each of the above-captioned actions and any subsequently consolidated actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court.  The Clerk shall file a copy of this Order in each such separate file.

### II.     NEWLY FILED OR TRANSFERRED ACTIONS

4.     When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    a.    File a copy of this Order in the separate file for such action.

    b.    Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the actions consolidated herewith.

    c.    Make an appropriate entry in the Master Docket.

    d.    Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

    e.    Upon the first appearance of any new defendant(s) mail to the attorneys for the defendant(s) in such newly filed or transferred case a copy of this Order.

    f.    Counsel for Plaintiffs and Defendants herein shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

### III.   APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES

5.   This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

### IV.   APPOINTMENT OF INTERIM CLASS COUNSEL

6.   Pursuant to Fed. R. Civ. P. 23 (g), the Court designates Peiffer Rosca Wolf Abdullah Carr & Kane, A Professional Law Corporation, Hudson, Mallaney, Shindler & Anderson, P.C. and Law Office of Christopher J. Gray, P.C. as Interim Class Counsel and Co-Lead Counsel for Plaintiffs pursuant to Fed. R. Civ. P. 23(g).

7.   Interim Class Counsel shall have sole authority over the following matters on behalf of all Plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all

motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution of or resolution of their respective cases.

8.  No motion shall be initiated or filed on behalf of any Plaintiff in the case except through Interim Class Counsel.

9.  Interim Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

10. Subject to any restrictions agreed upon or set forth in a protective order, all discovery obtained by any Plaintiff in these cases may be shared with any other Plaintiff. All discovery obtained by any Defendant in these cases shall be deemed discovered in each of these cases.

11. All counsel shall make best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. Nothing herein shall limit the requirements on Plaintiffs and Plaintiffs' counsel set forth in Fed. R. Civ. P. 23.

### V.   TIME RECORDS

12. All plaintiffs' counsel shall submit to Interim Class Counsel a record of the time expended and expenses incurred by their respective firms in the form set forth by Interim Class

Counsel on a monthly basis and Interim Class Counsel shall determine if the time expended is appropriate.

## VI.   SERVICE OF DOCUMENTS

13(a).   *Orders*.  A copy of each order will be provided to Interim Class Counsel for distribution as appropriate to other counsel and parties.  A copy shall also be provided to counsel for Defendants.

(b).   *Pleadings, Motions, and Other Documents.*  The parties shall effect service of papers on each other by serving a copy of the paper by e-mail delivery for documents not filed with the Court (such as discovery pleadings), and via the Court's ECF system for documents filed with the Court.

## VII.   CONSOLIDATED CLASS ACTION COMPLAINT

14.   Plaintiffs shall file a Consolidated Class Action Complaint ("Consolidated Complaint") on behalf of all Plaintiffs in the Consolidated Action on or before November 15, 2015.  Defendants shall answer, move, or otherwise respond to the Consolidated Complaint on or before December 15, 2015, unless otherwise agreed by counsel.

IT IS SO ORDERED.

Dated this ____ date of _____, 2015.

_____
Hon. Ralph R. Erickson
Chief Judge, U.S. District Court