**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| ABDUL ALEEM, et al., | |
| Plaintiffs, | **Case No. 1:15-cv-00085** |
| vs. | |
| PEARCE & DURICK and JONATHAN P. SANSTEAD, | |
| Defendants. | |

| | |
|---|---|
| DOMINIC WRIGHT, et al., | |
| Plaintiffs, | **Case No. 1:15-cv-00098** |
| vs. | |
| PEARCE & DURICK, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED
MOTION FOR APPROVAL OF ATTORNEYS' FEES, SERVICE
AWARDS, AND REIMBURSEMENT OF EXPENSES**

Plaintiffs' counsel obtained a favorable settlement on behalf of a worldwide class of

persons who purchased and/or invested in NDD-issued securities and/or ownership interests in

real estate ventures promoted by NDD between May 1, 2012 and June 30, 2015.  Pursuant to the

settlement agreement, class members stand to receive a net amount of approximately $3.4

million in cash.  The proposed settlement represents a tremendous resolution of Plaintiffs' claims

providing substantial, meaningful economic and monetary relief to class members.  These

extraordinary benefits were generated solely and exclusively through the efforts of Plaintiffs'

counsel.

As the record before this Court demonstrates, this favorable outcome is the result of the hard work and diligent efforts by Plaintiff's counsel and the contribution of the named Plaintiffs. For the reasons set forth herein, Plaintiffs' counsel now respectfully request that the Court award them $1,683,000.00 for their attorneys' fees, $50,707.59 for their unreimbursed litigation expenses, and $25,000.00 for the expenses associated with class notice and settlement administration, to be paid out of the settlement fund. These amounts fairly and reasonably compensate Plaintiffs' counsel for their time and effort as well as their unreimbursed expenses incurred. Plaintiffs' counsel also request that the Court award the representative Plaintiffs $5,000.00 each, to be paid out of the settlement fund, for their time and effort on behalf of all class members who benefit by this resolution.

Plaintiffs' counsel's fees and expenses are both reasonable and warranted because: (i) the settlement provides substantial, meaningful monetary compensation and economic benefits; (ii) Plaintiffs' counsel undertook this litigation on a completely contingent basis, advancing all expenses and accepting all risk that they could work for years and receive no compensation or reimbursement whatsoever; (iii) the requested fees and expenses were negotiated by the parties after agreement was reached on all other terms of the Settlement; and (iv) the requested fee represents a fair percentage of the settlement's present economic value.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs incorporate herein by reference the background information contained in their Memorandum for Preliminary Approval of Settlement, Certification of Class and Appointment of Class Representatives and Class Counsel (D.E. #53) filed on March 4, 2016. These pleadings and the declarations from Plaintiffs' counsel in support of the instant motion demonstrate that the

parties in this litigation vigorously advocated their respective positions and that the settlement was the product of extensive, arm's-length negotiations that took place over the course of many months.

On March 28, 2016, the Court appointed the undersigned as Plaintiffs' Class Counsel. (D.E. #56).  The Court's Order also granted preliminary approval of the Settlement in its final form and preliminarily certified the class for settlement purposes.  The Court also ordered counsel to submit an application for approval of attorneys' fees and expenses at least seven days prior to the Final Fairness Hearing scheduled for August 15, 2016.  Pursuant to that Order, Plaintiffs submit their Motion for Approval of Attorneys' Fees, Service Awards, and Reimbursement of Expenses and this Memorandum in Support.

## ARGUMENT AND AUTHORITY

### 1.  Class Counsel's Performance Merits the Requested Award of Attorneys' Fees.

Class actions and class action attorneys play an important role in the judicial system. "The class action is designed to provide average citizens who have suffered a common injury a means of redress and protection in what is otherwise often a wealthy person's system of justice." *Dooney v. Norwest Mortgage, Inc.*, No. 4-96-CV-90100, slip op. at 4 (S.D. Iowa, Feb. 17, 1999). Because of the "substantial amounts of time and resources" necessary to prosecute a class action and the substantial risk involved, "when resourceful class action attorneys successfully prosecute a class action or negotiate a substantial recovery for the class" they should be "adequately compensate[d]."  *Id.* at 4-5.  "If the Plaintiff's bar is not adequately compensated for its risk, responsibility, and effort when it is successful, then effective representation for plaintiffs in these cases will disappear."  *Muehler v. Land O'Lakes, Inc.*, 617 F.Supp. 1370, 1376 (D. Minn. 1985). As set forth in more detail below, this rationale supporting full and fair compensation applies

2

with equal force here.

Plaintiffs are entitled to reasonable attorneys' fees to compensate their counsel for their work in recovering damages on behalf of this worldwide class. The time spent and expenses incurred by Plaintiffs' counsel more than justify their request for attorneys' fees and expenses. Because this amount is reasonable and well within the fee range approved by courts in similar litigation, Plaintiffs' request should be approved by the Court.

### a. Case Law Supports Judicial Deference Toward Attorneys' Fees Negotiated At Arms' Length.

The Settlement fully negotiated by the parties specifies that Plaintiffs' counsel would seek an award of attorneys' fees in this action not to exceed 28 to 33 percent of the Settlement Fund and reimbursement of their litigation expenses in the amount of approximately $35,000.00. The Settlement also contemplates expenses associated with class notice and settlement administration of approximately $25,000.00. The amount of attorneys' fees was negotiated at arm's-length by experienced counsel for all sides only after the substantive relief to the class was negotiated. The agreement on fees and expenses was subject to rigorous arm's-length negotiation and deserves the same deference as the underlying settlement terms. As the Eighth Circuit observed in considering the award of attorneys' fees in a class action settlement: "We are mindful of the limited scope of our review. We are dealing, as before, with a settlement agreement and such agreements are presumptively valid." *Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 921 F.2d 1371, 1391 (8th Cir. 1990). Thus, just as with the other proposed settlement terms, this Court should, at the outset, conclude that the parties' agreement on the payment of attorneys' fees and expenses enjoys a presumption of fairness.

The fee award was negotiated only after the settlement to the class was finalized, and therefore, there was no potential conflict of interest with the class members. *See Little Rock*

3

*School Dist.*, 921 F.2d at 1383 ("[T]he fee was discussed only after all other aspects of the agreement had been concluded, and . . . prospects of a fee did not influence counsel's negotiating position on the substantive aspects of the case.  The District Court made no finding of a conflict of interest, and no basis exists for such a finding.").

Under these circumstances, the Court should readily conclude that the requested fee award in this case is fair and reasonable.  *See Cohn v. Nelson*, 375 F. Supp. 2d 844, 861 (E.D. Mo. 2005) ("[W]here, as here, the parties have agreed on the amount of attorneys' fees and expenses, courts give the parties' agreement substantial deference."); *Heilman v. Perfection Corp.*, 93 F.Supp.2d 1311, 1312-13 (W.D. Mo. 2000) (approving class action fee award of $5,565,000 for approximately 7,500 recorded hours for prosecution of the case and finding it unnecessary to closely critique the award, which was agreed to in arm's-length bargaining between counsel).

### b. Plaintiff's Requested Attorneys' Fees Are Fair and Reasonable.

"An award of attorney fees is committed to the sound discretion of the district court." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.,* 364 F. Supp. 2d 980, 991 (D. Minn. 2005) (citing *Petrovic v. Amoco Oil Co*., 200 F.3d 1140, 1157 8th Cir. 1999).   "There are two generally accepted methods of calculating attorney fees: the lodestar method, and the percentage-of-the-fund approach.  The choice of method is committed to the Court's discretion."  *In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158 (D. Minn. 2009); *see also Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) ("It is within the discretion of the district court to choose which method to apply.").

### i. Common Fund Method

"A routine calculation of fees involves the common-fund doctrine, which is based on a percentage of the common fund recovered." *In re Xcel*, 364 F. Supp. 2d at 991 (citing *Blum v. Stenson*, 465 U.S. 886, 900 n.16, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (awarding attorney's fees of 36 percent from a $3.5 million common fund).

The Eighth Circuit has not set a specific benchmark to analyze the reasonableness of attorney's fees under the percentage-of-the-fund method. *Yarrington v. Solvay Pharmaceuticals*, Inc., 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010). In this Circuit, however, district courts have frequently awarded attorney fees between 25 and 36 percent of a common fund in class actions. *Id.* (quoting *In re U.S. Bancorp,* 291 F.3d at 1038) (affirming a fee award representing 36 percent of the settlement fund as reasonable); *see also In re Xcel*, 364 F. Supp. 2d at 998 (collecting cases demonstrating that this district routinely approved fee awards of 33 percent); *EEOC v. Faribault Foods, Inc.*, Case No. 07-cv-3976 (RHK/AJB), 2008 U.S. Dist. LEXIS 29132, 2008 WL 879999, at *4 (D. Minn. Mar. 28, 2008) (approving a fee award of approximately 30 percent of the settlement fund); *Carlson v. C.H. Robinson Worldwide, Inc.,* Case No. 02-cv-3780 (JNE/JJG), 2006 U.S. Dist. LEXIS 67108, 2006 WL 2671105, at *8 (D. Minn. Sept. 18, 2006) (approving a fee award representing 35 1/2 percent of the settlement fund).  Thus, the 33 percent attorneys' fee sought herein is well within the range of percentages of common funds that have been approved by district courts in this Circuit.

### ii. Lodestar Method

The Eighth Circuit has also found that the lodestar method provides a fair means of evaluating a potential attorneys' fee award.  See *Walitalo v. Iacocca*, 968 F.2d 741, 748 (8th Cir.

1992) (stating that the lodestar method is "fair to all parties involved'); *Nelson v. Wal-Mart Stores, Inc.*, 2009 WL 2486888, at *2 (E.D. Ark. Aug. 12, 2009) (citing cases within the Eighth Circuit approving the lodestar method). "The Eighth Circuit has identified four factors in setting a reasonable fee using the lodestar method: (1) the number of hours spent by counsel; (2) counsel's 'reasonable hourly rate'; (3) the contingent nature of success; and (4) the quality of the attorneys' work." *In re UnitedHealth Group*, 631 F. Supp. 2d at 1158-59 (*citing Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975)); *Cohn*, 375 F. Supp. 2d at 861 (*citing Dekro v. Stern Brothers & Co.*, 571 F. Supp. 97, 102 (W.D. Mo. 1983)).  Under these four factors, Class counsel's request for their attorneys' fees should be approved.

 "Under the lodestar methodology, the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation, so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action." *Johnston*, 83 F.3d at 244.  Multipliers awarded by district courts in this Circuit have often ranged from two to five. *See, e.g., In re St. Paul Travelers Sec. Litig.*, No. 04-cv-3801 (JRT/FLN), 2006 U.S. Dist. LEXIS 23191, 2006 WL 1116118, at *1 (D. Minn. Apr. 25, 2006) (using a multiplier of 3.9); *Yarrington*, 697 F. Supp. 2d at 1067 (awarding a fee representing a 2.26 multiplier); *In re Xcel,* 364 F. Supp. 2d at 999 (awarding a fee representing a 4.7 multiplier); *see also Hoyer v. Wells, Fargo & Co*, No. 4:08-cv-507, 2016 U.S. Dist. LEXIS 21003 at *18 (S.D. Iowa Feb. 17 2016) (multiplier of 1.82).

Class counsel have spent a significant amount of attorney time on this litigation against Defendants, and have incurred a total lodestar of $1,501,687.25.  *See* Declarations of Class Counsel attached hereto as Exhibits 1 – 6.  Their time reflects the time associated with the prosecution and settlement of the claims against Defendants.  *See id.*  Plaintiffs' counsel also

expect to spend substantial additional time preparing for the Fairness Hearing, responding to any objections, and administering the settlement.  Plaintiffs' counsel's time is billed at their normal and usual rates for such matters, which are consistent with rates reasonable and customary to their markets.  *See, e.g.,* Order in *Hans v. Tharaldson*, No. 3:05-cv-115 (Doc. #771) (D.N.D. Feb. 5, 2013) (approving fee request with attorney rates exceeding $800 per hour).  The total attorneys' fee award requested reflects a multiplier of just 1.12 of their lodestar.

In addition to the time spent on this litigation against Defendants, Plaintiffs' counsel have incurred unreimbursed expenses related to this matter totaling $50,707.59.  *See* Declarations of Class Counsel attached hereto as Exhibits 1 – 6.

In light of the favorable results obtained for the class, the skill displayed by Plaintiffs' counsel, their efforts in resolving the complex issues in the litigation, the considerable risk they bore in pursuing this matter, the need to spend substantial additional time completing the process of settlement administration, and the multipliers typically applied under similar circumstances elsewhere, the fee sought here is plainly reasonable.  *See, e.g., Nelson*, 2009 WL 2486888, at *2 (citing cases within the Eighth Circuit approving lodestar multipliers of up to 5.6); *Cohn*, 375 F. Supp. 2d at 861 (approving a requested 2.9 multiplier and stating that "courts typically apply a multiplier of 3 to 5 to compensate counsel for the risk of contingent representation.").  Moreover, as Plaintiffs' counsel continue to administer the settlement, the overall lodestar multiplier will continue to decrease.

Plaintiffs' counsel's request for $1,683,000.00 for their attorneys' fees, $50,707.59 for their expenses, $25,000.00 for notice and settlement administration expenses, and $40,000.00 for incentive awards is fair and reasonable, and the Court should grant Plaintiff's Motion.

### iii. Class Counsel Provided Exceptional Work In This Litigation.

Large scale, commercial class actions are, by their very nature, complicated and time-consuming. Here, Plaintiffs' counsel initially filed complaints in two separate cases and, upon consolidation, filed a consolidated amended complaint. Plaintiffs' counsel also successfully intervened in a related case in which Pearce & Durick's professional liability insurer sought a declaratory judgment regarding its obligations under Pearce & Durick's malpractice insurance policy. Plaintiffs' counsel also participated in mediation in Minneapolis, Minnesota with attorney Lewis Remele and thereafter engaged in further and ultimately successful settlement discussions and negotiations. They also reviewed a massive amount of documents and regularly communicated with hundreds of investors, many of whom live overseas and speak little English.

Plaintiffs' counsel was successful in achieving an outstanding result; however, substantial time and resources were required to obtain this result which was by no means certain. Defendants denied and continues to deny all of Plaintiffs' allegations, and defense counsel advocated this position strenuously throughout the extensive settlement negotiations. Had the parties not reached a fair and reasonable compromise, this litigation would no doubt have proceeded for the foreseeable future, delaying relief to class members, with the risk of obtaining no relief at all, and unnecessarily expending judicial resources. *See Cohn*, 375 F.Supp.2d at 862 (approving requested fee, stating "this Court looks favorably upon the skill of counsel in achieving benefits without burdening the judicial system."). In light of the legal and factual complexities and challenges presented by this case, this settlement is a very favorable result for the class. Moreover, because Plaintiffs' counsel prosecuted this case on a contingent basis, including advancing all fees and expenses during the litigation, counsel faced the very real risk of an unsuccessful outcome and no fee of any kind. During the extensive and complicated settlement discussions, which stretched over a period of months, Plaintiffs' counsel skillfully

negotiated an early and fair resolution of the class members' claims, which likely never would have been pursued on an individual, hourly-fee basis.

These facts more than satisfy the third and fourth factors that the Court must examine in determining the amount to award in attorneys' fees and expenses. The contingent nature of the case and the quality of the lawyering are evident in the record and the result. Plaintiffs' counsel therefore respectfully request that the Court grant their request for an award of $1,683,000.00 for their attorneys' fees and $50,707.59 for their expenses.

### 2.  The Representative Plaintiffs Are Entitled To Service Awards.

In light of their efforts resulting in a favorable settlement on behalf of a nationwide class of hundreds of individuals, the representative Plaintiffs are deserving of modest service awards. The Settlement provides that Plaintiffs will seek incentive awards of up to $5,000.00 each for representative Plaintiffs Panircelvan S/O Kaliannan, Siew Geok Tong, Thong Juay Koh, Grant Ford, Dayong Yu, Dominic Wright, Andrew Chittenden, and Carolyn Ford. The Court should approve these service awards to the representative Plaintiffs participating in the settlement for their role in pursuing this case and obtaining a favorable settlement on behalf of a worldwide class.

"Incentive awards are 'fairly typical' in class actions. Such awards are discretionary and serve to compensate named plaintiffs for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and to recognize a willingness to act as a private attorney general." *Sauby v. City of Fargo*, No. 3:07-CV-10, 2009 WL 2168942, at *2 (D.N.D. July 16, 2009) (internal citation omitted). The time an individual devotes to a lawsuit which inures to the common benefit of the class warrants entitlement to an award greater than what the typical class member will receive. *See In re US Bancorp Litig*., 291 F.3d at 1037

(approving incentive awards of $2,000 to five representative plaintiffs whose efforts in the litigation resulted in a class fund of approximately $3.5 million); *In re Aquila BRISA Litig.*, 2007 WL 4244994, at *3 (W.D. Mo. Nov. 29, 2007) (awarding incentive awards between $5,000 and $25,000 for named plaintiffs because they "rendered valuable service to the Plan and all Plan Participants.  Without this participation, there would have been no case and no settlement").  The size of the service awards sought here are consistent to the amounts awarded in the cited cases.

In this case, the representative Plaintiffs request a modest award of $5,000.00 each for providing assistance to counsel in investigating and pursuing this mater.  The representative Plaintiffs were regularly and substantially involved in this litigation including the investigation of claims, providing documents, and remaining advised throughout the litigation on procedure and settlement efforts.  Their participation and input was important and substantive for the benefits of the class members and this litigation. Their conduct has inured to the substantial benefit of the class: without their efforts, this case would not have been brought and this settlement would not have been achieved.  *Id.*

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Approval of Attorneys' Fees, Service Awards, and Reimbursement of Expenses.

Dated: July 19, 2016

PEIFFER, ROSCA, WOLF,
ABDULLAH, CARR & KANE
A PROFESSIONAL LAW CORPORATION
*/s/ Alan Rosca*
By: Alan Rosca
1422 Euclid Avenue, Suite 1610
Cleveland, Ohio 44115
Telephone: (216) 570-0097
Facsimile: (888) 411-0038
E-Mail: arosca@prwlegal.com

PEIFFER, ROSCA, WOLF
ABDULLAH, CARR & KANE
A PROFESSIONAL LAW CORPORATION
Joseph C. Peiffer
201 St. Charles Avenue, Suite 4610
New Orleans, LA 70170
Telephone: (504) 523-2434
Facsimile: (504) 523-2464
E-Mail: jpeiffer@prwlegal.com

HUDSON, MALLANEY, SHINDLER &
ANDERSON, P.C.
J. Barton Goplerud
Brian O. Marty
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Facsimile: (515) 2223-8887
E-Mail: jbgoplerud@hudsonlaw.net
      bmarty@hudsonlaw.net

LAW OFFICE OF
CHRISTOPHER J. GRAY, P.C..
Christopher J. Gray
360 Lexington Avenue, 14th Floor
New York, NY 10017
Telephone: (212) 838-3221
Facsimile: (212) 937-3139
E-Mail: chris@investorlawyers.net

*Class Counsel*

LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua B. Kons
50 Albany Turnpike, Suite 4024
Canton, CT 06019

11

Telephone: (860) 920-5181
E-mail: joshuakons@konslaw.com

LARSON LAW FIRM, P.C.
Mark V. Larson
1020 North Broadway
Minot, ND 58703
Telephone: (701) 839-1777
Facsimile: (701) 839-5350
E-mail:larslaw@srt.com

SCHNEIDER, SCHNEIDER & SCHNEIDER
Mac J. Schneider
317 ½ Kittson Ave.
Grand Forks, ND 58201
Telephone:  (701) 757-2050
Facsimile:  (701) 757-2051
E-Mail: mac@schneiderlawfirm.com

*Additional Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which caused copies to be sent to all counsel of record.


*/s/ J. Barton Goplerud*
J. Barton Goplerud

13