# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Abdul Aleem, et al., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Pearce & Durick et al.,<br><br>Defendants. | Case No. 1:15-cv-85<br><br>**REPORT AND RECOMMENDATION ON WITHDRAWAL OF CLAIM FORM BY EE HOONG LIANG AND CHIA CHEY LONG** |

In this class action, the plaintiffs alleged professional negligence in connection with plaintiffs' investments in a securities offering called North Dakota Developments, LLC (NDD). Plaintiffs claimed NDD "raised over $62 million from investors in the United States and across the world by selling interests – securities – in the supposed development of short-term housing for those employed in the oil industry in the Bakken oil field region of North Dakota and Montana," (Doc. 1, p. 7), that defendants were negligent in not recognizing NDD was offering unregistered and nonexempt securities, and that defendants were negligent in not advising them the securities were unregistered and nonexempt.

The parties engaged in early mediation, and the case was stayed for that reason. (Doc. 42). The parties reached a settlement agreement, which included consent to certification of a settlement class under Federal Rules of Civil Procedure 23(a) and 23(b)(1)(B), defined as

> All persons who have purchased and/or invested in NDD-issued securities and/or ownership interests in real estate ventures promoted by NDD, including without limitation developments known as Great American Lodge - Watford City West, Great American Lodge – Culbertson, Montana, Transhudson – Parshall, and Great American Lodge – Watford City East,

during the Class Period (*i.e*, the period between May 1, 2012 until June 30, 2015 inclusive).

(Doc. 71, pp. 1-2). Following an August 15, 2016 fairness hearing, the court found the settlement class satisfied Rule 23(b)(1)(B) and approved the parties' settlement agreement, stating:

> It appears that potential damages, if proven, exceed $60 million. The funds available to satisfy a damages award are unlikely to exceed $5.1 million. Accordingly, the damages, if proven, would far exceed the funds available. The settlement agreement reached by the parties includes an award of the entire fund, subject to certain recognized exceptions, to compensate the plaintiffs in a fair and equitable manner based on their pro rata net losses in connection with the investments at issue. As such, certification of the mandatory class is appropriate.

Id. at 3-4.

Dahl Administration, LLC was appointed as claims administrator, and class counsel filed periodic reports on the progress of the claims administrator's distribution of the settlement funds. In the last report, pursuant to terms of the parties' settlement agreement, class counsel asked for approval of distribution of $11,109.97 in unclaimed funds to the court-appointed receiver in United States Securities and Exchange Commission v. North Dakota Developments, LLC, Case No. 4:15-cv-53 (D.N.D. filed May 5, 2015). (Doc. 89, p. 3)[1].

On November 4, 2019, class counsel filed a Notice of Improper Claim and Request for Status Conference, alleging two individuals—Ee Hoong Liang and Chia Chey

---

[1] In related litigation, the Securities and Exchange Commission alleges NDD engaged in a Ponzi scheme. SEC v. North Dakota Developments, LLC , Case No. 4:15-cv-53. In the SEC case, the court granted a temporary restraining order freezing all assets of NDD, (Dkt. 4:15-cv-53 5, p. 5), continued the asset freeze in granting a preliminary injunction, (Dkt. 4:15-cv-53 20, p. 4), and appointed a receiver over NDD's assets. Id. at 6-7.

Long—had submitted an improper claim. (Doc. 91). Through counsel, the two individuals have been allowed to participate in the litigation as movants. (Doc. 96). Ee Hoong Liang and Chia Chey Long then filed a Notice of Withdrawal of Claim Form. (Doc. 104). Though acknowledging no wrongdoing in submitting a claim form to the claims administrator, their notice states Ee Hoong Liang and Chia Chey Long "now believe they were not entitled to any distribution from the class settlement," withdraws their online claim form, and asks for direction on return of "any funds received." Id.

Class counsel responded to the claim withdrawal notice, asserting Ee Hoong Liang and Chia Chey Long committed claim fraud, asking the court to refer the matter for further investigation "for appropriate action," and asking the court to order return of funds they received to the court-appointed receiver in the SEC case. (Doc. 105, p. 5).

This court held a status conference on December 27, 2019. Class counsel participated, as did counsel for Ee Hoong Liang and Chia Chey Long. (Doc. 107). Though reserving the question of referral of the alleged claim fraud for further investigation,[2] this court addressed class counsel's request that Ee Hoong Liang and Chia Chey Long be ordered to return funds they received from the class settlement.

As discussed during the December 27, 2019 status conference, this court **RECOMMENDS** the district judge order as follows:

---

[2] In another related case, ten plaintiffs—some of whom are named plaintiffs in the instant case—allege Ee Hoong Liang acted as agent of NDD in offering sales of unregistered and nonexempt securities. Panircelvan S/O Kaliannan v. Ee Hoong Liang, Case. No. 3:17-cv-90 (D.N.D. filed May 5, 2017). The court entered default judgment against Ee Hoong Liang in that case, and a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b) is pending. Also pending in that case is Ee Hoong Liang's motion to disqualify plaintiffs' counsel—who are class counsel in the instant case. This court will consider the request to refer the alleged claim fraud for further investigation after the motion to disqualify plaintiff's counsel has been addressed.

(1) Within thirty days of the date of the court's order, Ee Hoong Liang and Chia Chey Long must return all funds received from the class settlement, via wire transfer, to the trust account of their counsel, David Chapman.

(2) The next business day after receipt of the wire transfer to his trust account, Chapman must issue a check from his trust account to Gary Hansen, the court-appointed receiver in <u>United States Securities and Exchange Commission v. North Dakota Developments, LLC</u>, Case No. 4:15-cv-53.

(3) Chapman must provide immediate written notification to class counsel of his receipt of the wire transfer and of sending his trust account check to the receiver.

Dated this 27th day of December, 2019.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

### Notice of Right to Object[3]

Pursuant to Local Civil Rule 72.1(D)(3), any party may object to a Report and Recommendation within fourteen days "unless a different time is prescribed by the magistrate judge." At the unopposed request of class counsel, the court prescribes a shorter time. Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **December 31, 2019,** a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[3] <u>See</u> Fed. R. Civ. P. 72(b), D.N.D. Civ. L.R. 72.1.